UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ALL ASSETS LISTED IN ATTACHMENT A,

        Defendants *In Rem*.

_____/

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

COMES NOW, Plaintiff, the United States of America (the "United States"), by and through its undersigned counsel, to allege upon information and belief as follows:

**I.    NATURE OF THE ACTION**

1. This is a civil action *in rem* under 18 U.S.C. § 2323(a)(1), 18 U.S.C. § 981(a)(1)(C), and the procedures set forth in 18 U.S.C. § 985 and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and the Federal Rules of Civil Procedure.

2. The Government seeks to forfeit the Defendants *In Rem* (Attachment A) under 18 U.S.C. § 2323(a)(1) for trafficking, attempting to traffic, and conspiring to traffic counterfeit goods in violation of 18 U.S.C. § 2320(a); and 18 U.S.C. § 981(a)(1)(C) for transporting in interstate and foreign commerce stolen and fraudulently obtained goods and more than $5,000, in violation of 18 U.S.C. § 2314, and conspiring to do so in violation of 18 USC § 371.

**II.    JURISDICTION AND VENUE**

3. This Court has jurisdiction over this subject matter. *See* 28 U.S.C. §§ 1345,

1355(a), and 2461(a).

4. This Court has *in rem* jurisdiction over the Defendants *In Rem*. *See* 28 U.S.C. §§ 1345, 1355(b).

5. The venue for this action is proper in the Southern District of Florida because the Defendants *In Rem* are located in this District, and the acts or omissions giving rise to the forfeiture occurred in this District. *See* 21 U.S.C. § 881(j); 28 U.S.C. §§ 1355(b)(1)(A), 1395(b).

III. FACTUAL ALLEGATIONS

A. Seizure of Defendants *In Rem*

6. The Defendants *In Rem* were seized from Aurel Adrian Dobos ("Dobos") and Adina Karla Boicuic, a/k/a Adina Karla Buchuc ("Buchuc"), an experienced switch-theft team suspected of stealing high-end watches, purses, jewelry, and accessories, in various jurisdictions between January and June 2023, often by replacing genuine items for fake ones.

7. Dobos and Buchuc currently are serving 18-month prison sentences in Florida state prison for swapping a $100,000 Patek Phillippe watch for a fake watch at Robinson's Jewelers in Broward County, Florida.

8. The Defendants *In Rem* were seized from Dobos and Buchuc on or about July 20, 2023, at Miami International Airport ("MIA"), by Customs and Border Protection ("CBP") officers who were executing a Broward County Arrest Warrant for Felony Larceny of the Patek Phillippe watch.

9. Dobos and Buchuc are nationals and citizens of Romania believed to have entered the United States illegally.

10. On the day of their arrest, Dobos and Buchuc had tickets on Turkish Airlines Flight 158 to Istanbul, departing that day.

11. The booking was linked to an email address of a different Romanian individual who recently had adjusted his status to become a lawful permanent resident.

12. After executing the warrant, CBP officers accompanied Dobos, Buchuc, and their luggage to Secondary Processing, located at MIA.

13. During a search, CBP officers discovered $18,808 in undeclared United States currency scattered among the couple's carry-on bag and Buchuc's purse and wallet.

14. CBP officers also discovered various luxury watches, jewelry, and purses scattered among the couple's baggage, which constitute the rest of the Defendants *In Rem*.

15. The seized items were scattered throughout the couple's luggage, evincing an intent to hide the items from discovery.

**B.    Counterfeit Defendants *In Rem***

16. Of the Defendants *In Rem*, 8 are counterfeit items, which are listed as assets 1 through 8 on Attachment A.

17. Defendants *In Rem* include two counterfeit Rolex-branded watches: a counterfeit Rolex Submariner "Hulk" wristwatch, replicating reference no. 116610LV and serial no. 8365U9N5, and a counterfeit Rolex GMT-Master II wristwatch, replicating reference no. 116710 and serial no. Z754008.

18. Although the Rolex Submariner "Hulk" wristwatch appeared genuine from an external examination, a Rolex brand representative informed law enforcement that its serial number (8365U9N5) was invalid, indicating that the watch was counterfeit.

19. The Rolex GMT-Master II wristwatch also appeared genuine, but a close external examination revealed details that marked it as counterfeit: the markings on the case were laser etched rather than engraved, and the bracelet lacked correct markings and finishing.

3

20. The watch's examiner informed law enforcement that a counterfeit watch with the Rolex GMT-Master II's serial number (Z754008) had been sold at Danielle Elizabeth Antique & Estate Auctioneers, in Southport, Australia, on or about August 13, 2023.

21. The Rolex brand representative confirmed that the Z754008 serial number corresponds to a different model, a Rolex Cosmograph Daytona, and previously has been used on other counterfeit watches.

22. The Defendants *In Rem* also included a counterfeit Hermès branded purse, a counterfeit Christian Dior branded purse, and four counterfeit Louis Vuitton branded products—a purse, handbag, clutch, and wallet.

23. A Hermès brand representative examined photos of the Hermès' branded purse and informed law enforcement that the leather, metal parts, markings, and finishes of the seized Hermès' branded purse do not comply with Hermès' standards of quality, identifying it as counterfeit.

24. A Christian Dior brand representative examined photos of the Dior branded purse and informed law enforcement that the inside label/tag for the seized Christian Dior branded purse is not genuine because all the edges were sewn.

25. A Louis Vuitton brand representative examined photos of the Louis Vuitton branded items and informed law enforcement that they were also counterfeit because their overall quality does not correspond to the quality standards imposed by Louis Vuitton.

**C.   Genuine Defendants *In Rem***

26. Of the Defendants *In Rem*, 7 are genuine items, which are listed as assets 9 through 15 on Attachment A.

27. The Defendants *In Rem* include two genuine Rolex watches: a Rolex

Yachtmaster 40 wristwatch, reference no. 116621, serial no. 5C7P1592, and a Rolex Submariner wristwatch, reference no. 126610 and serial no. T09841W2.

28. According to a Rolex brand representative, each Rolex watch bears a unique serial number, which Rolex maintains on a proprietary database.

29. That serial number allows Rolex to identify the original manufacture date, the watch's model, and the retailer to whom the watch was sold.

30. At the request of federal investigators, the Rolex representative ran serial numbers T09841W2 (Rolex Submariner wristwatch) and 5C7P1592 (Rolex Yachtmaster 40 wristwatch) through Rolex's database.

31. The database reported that Deutsch and Deutsch, a Rolex boutique in Houston, Texas, sold the Rolex Submariner to a customer in June 2022.

32. The database also reported that Sissy's Log Cabin, a jewelry store in Jonesboro, Arkansas, sold the Rolex Yachtmaster to a customer in September 2018.

33. Neither of these customers were Dobos or Buchuc.

34. The present investigation has uncovered no lawful source of income for Dobos or Buchuc from which they could have purchased those Rolex watches or the other high-end luxury items seized from them.

35. To the contrary, several investigations have revealed that in the months before their arrest, Dobos and Buchuc conducted a theft spree across Connecticut, Florida, Texas, Virginia, and California:

   a. Dobos and Buchuc have been investigated for stealing a $90,000 Patek Phillip watch from a boutique in Greenwich, Connecticut, in January 2023. The couple is suspected of having switched the real watch for a fake one.

b. On April 3, 2023, Dobos and Buchuc stole a $100,000 Patek Phillippe watch from Robinson's Jewelers in Las Olas, Florida, by again switching the watch for a fake one.

c. The theft led to charges against Dobos (case no. 23008117CF10A) and Buchuc (case no. 23008119CF10A), for Grand Theft in the First Degree in violation of Fla. Stat. § 812.014.

d. According to the owner of Robinson's Jewelers, who testified at the change of plea hearing, the couple entered the store on April 3, 2023, and asked to see some of their most expensive watches. The couple then engaged the owner and a salesclerk in conversation for around 30 minutes.

e. The owner of Robinson's Jewelers described Dobos and Buchuc as sophisticated and highly knowledgeable regarding watches.

f. When the clerk and owner were not looking, the couple switched the Patek Phillippe for a nearly exact replica.

g. The original watch had been displayed on the window to attract traffic.

h. On December 4, 2023, Dobos and Buchuc pleaded guilty to the Broward County charge and were sentenced to 18 months in prison followed by five years of probation.

i. Dobos and Buchuc are also suspected of stealing a Rolex Submariner watch and a Chanel purse from stores in Texas on or about April 27, 2023, and May 11, 2023, respectively. Investigators believe that Buchuc switched the genuine Rolex Submariner watch with a fake one.

j. In addition, Dobos and Buchuc are suspected of stealing a large

6

diamond ring from a store in Vienna, Virginia, by switching the ring with a fake one.

k. Finally, Dobos and Buchuc are suspected of stealing a Louis Vuitton purse and Cartier sunglasses in California at the end of June 2023.

36. Although the investigation has not shown that the Defendants *In Rem* are the same items involved in those thefts, the genuine Defendants *In Rem* are similar to the luxury items Dobos or Buchuc have stolen in multiple States using the same *modus operandi*.

37. The temporal proximity between the couple's theft spree, their arrest, and the seizure, indicates that the genuine Defendants *In Rem* are either products of other thefts or were purchased from the proceeds of the prior thefts.

**D.  Seized Currency and Administrative Forfeiture Proceedings**

38. The final Defendant *In Rem* is approximately $9,200 in U.S. currency, which is a portion of the approximately $18,808 seized on or about July 20, 2023, at MIA by CBP.

39. On September 21, 2023, CBP received a claim from Dobos, through his counsel, for "$18,808.00 and any and all property that was seized on said time of arrest." The claim, however, was invalid because it was not signed under penalty of perjury. *See* 18 U.S.C. § 983(a)(2)(C).

40. The invalid claim addressed only the money, stating that "[t]hese funds represent earnings my girlfriend and I made at various odd jobs[.]" No supporting documents were attached to the invalid claim.

41. On September 21, 2023, CBP also received a claim from Buchuc, through counsel, for $9,200, stating that the "currency represents earnings I made working at various odd jobs." No supporting documents are attached to the claim.

42. On November 2, 2023, CBP received a claim from Buchuc, through counsel,

7

for the Rolex Yachtmaster, the jewelry, and the leather goods. Buchuc simply stated, "I am the owner and purchased" those items, without any detail or supporting documents.

43.     On November 2, 2023, CBP also received a claim from Dobos, through counsel, for the other Rolex watches and the Phillip Plein watch. Like Buchuc, Dobos simply stated, "I am the owner and purchased" those items, without any detail or supporting documents.

44.     In summary, despite multiple opportunities, Dobos and Buchuc have provided no proof showing that they are the legitimate owners of the Defendants *In Rem*.

IV.     **BASIS FOR FORFEITURE**

45.     Under 18 U.S.C. § 2320(a), anyone who "traffics in goods or services and knowingly uses a counterfeit mark on or in connection with such goods or services . . . or attempts or conspires to violate," is subject to criminal penalties.

46.     Under 18 U.S.C. § 2323(a)(1), the following property is subject to civil forfeiture: "(A) Any article, the making or trafficking of which is, prohibited under [section 2320]"; "(B) Any property used, or intended to be used, in any manner or part to commit or facilitate the commission of an offense referred to in subparagraph (A)"; and "(C) Any property constituting or derived from any proceeds obtained directly or indirectly as a result of the commission of an offense referred to in subparagraph (A)."

47.     Under 18 U.S.C. § 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to a "specified unlawful activity," or conspiracy to commit such an offense, is subject to civil forfeiture to the United States. A violation of 18 U.S.C. § 2320 is a "specified lawful activity" under 18 U.S.C. § 1956(c)(7)(D).

48.     Under 18 U.S.C. § 2314, whoever "transports, transmits, or transfers in

8

interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud," is subject to criminal penalties.

49. A violation of 18 U.S.C. § 2314 is a "specified lawful activity" under 18 U.S.C. § 1956(c)(7)(A) and 18 U.S.C. § 1961(1)(B), providing a basis for forfeiture of proceeds under 18 U.S.C. § 981(a)(1)(C).

## FIRST CLAIM
### Forfeiture of Counterfeit Goods and Proceeds
### (18 U.S.C. § 2323(a)(1))

50. The factual allegations in paragraphs 1 to 49 are re-alleged and incorporated by reference herein.

51. Dobos and Buchuc knowingly trafficked in goods using a counterfeit mark on or in connection with such goods, or attempted or conspired to traffic in such goods, in violation of 18 U.S.C. § 2320(a).

52. Those counterfeit Defendants *In Rem* constitute prohibited articles under 18 U.S.C. § 2320(a), and property used, or intended to be used, in any manner or part to commit or facilitate the commission of such an offense, and thus are forfeitable under 18 U.S.C. § 2323(a)(1)(A) and (B).

53. The genuine Defendants *In Rem* constitute or are derived from proceeds obtained directly or indirectly as a result of the commission of an offense under 18 U.S.C. § 2320(a), and thus are forfeitable under § 2323(a)(1)(C).

## SECOND CLAIM
### Forfeiture of Stolen Goods and Proceeds
### (18 U.S.C. § 981(a)(1)(C))

54. The factual allegations in paragraphs 1 to 49 are re-alleged and incorporated by reference herein.

55. Dobos and Buchuc transported, transmitted, or transferred in interstate or foreign commerce goods and money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud, in violation of 18 U.S.C. § 2314, or conspired to do so in violation of 18 USC § 371.

56. Accordingly, the Property is subject to forfeiture to the United States under 18 U.S.C. § 981(a)(1)(C).

**WHEREFORE**, Plaintiff, the United States of America, requests that the Court issue warrants for the arrest of the Defendants *In Rem*; that notice of this action be provided to persons known or thought to have an interest in or right against the Defendants *In Rem*; that the Defendants *In Rem* be forfeited and condemned to the United States of America; and for such other and further relief as this Court may deem just, necessary and proper.

Respectfully submitted,

**MARKENZY LAPOINTE**
**UNITED STATES ATTORNEY**

By: *s/ Jorge R. Delgado*
Jorge R. Delgado
Assistant United States Attorney
Florida Bar No. 084118
U.S. Attorney's Office
500 E. Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 660-5954
E-mail: Jorge.Delgado2@usdoj.gov

## VERIFICATION

I, Richard Pastor, hereby verify and declare, under penalty of perjury, that I am a Special Agent with Homeland Security Investigations and that the foregoing factual allegations are true and correct to the best of my knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as HSI Special Agent.

Executed on this 31st day of July 2024.

_____
Richard Pastor
Special Agent, HSI

## ATTACHMENT A

### Counterfeit Assets

1. Counterfeit Rolex Submariner "Hulk" wristwatch, replicating reference no. 116610LV and serial no. 8365U9N5;

2. Counterfeit Rolex GMT-Master II wristwatch, replicating reference no. 116710 and serial no. Z754008;

3. Counterfeit pink Hermès' branded purse;

4. Counterfeit blue Christian Dior branded purse;

5. Counterfeit silver Louis Vuitton branded purse;

6. Counterfeit brown Louis Vuitton branded handbag;

7. Counterfeit brown Louis Vuitton branded clutch; and a

8. Counterfeit brown Louis Vuitton branded wallet.

### Genuine Assets

9. Rolex Yachtmaster 40 wristwatch, reference no. 116621, serial no. 5C7P1592;

10. Rolex Submariner wristwatch, reference no. 126610 and serial no. T09841W2;

11. Philipp Plein "The Skeleton" wristwatch, reference no. PWBAA0521;

12. Lady's 14k white gold diamond wedding band;

13. Lady's 14k white gold diamond tennis bracelet;

14. Unisex 18k yellow gold diamond stud earrings;

15. Blue Chanel purse; and

16. Approximately $9,200 in U.S. currency.